UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BYRON AUTMAN #153558,   )
                        )
            Plaintiff,  )   Case No. 2:08-cv-87
                        )
v.                      )   Honorable Robert Holmes Bell
                        )
DAN DURANT, et al.,     )
                        )
            Defendants. )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hearing Investigator Dan Durant, Corrections Officer Unknown Bennett, Sergeant Unknown Colbin, Hearing Officer Unknown Jacobson, Unknown Party, R.N., Cathy Williams, R.N., Rich Miller, P.A., Ann Morin, R.N., and Unknown Party Pharmacy Tech. The Court will serve the complaint against Defendants Williams, Miller and Morin.

**Discussion**

    I.        Factual allegations

Plaintiff alleges in his complaint that he is African American and that on September 19, 2005, Plaintiff was in the quiet room when he was ordered by URF custody staff to clear the area due to a fight involving other combatants. Plaintiff left the area, carrying his coffee, when Defendant Bennett came running into the unit and bumped into Plaintiff. This caused him to spill coffee on Defendant Bennett's sleeve, which resulted in a minor burn. Plaintiff states that because of Defendant Bennett's recklessness in running into him, he sustained a back injury that continues to cause him pain.

Plaintiff returned to his cell and filled out a medical request form, to be placed in the health care box next time Plaintiff went to the dining hall. Approximately two hours later, Plaintiff was called to the lobby and taken to administrative segregation. Shortly thereafter, Defendant Colbin reviewed Plaintiff on a misconduct ticket for serious staff assault. Plaintiff requested the videotape from the Neebish Unit lobby and witnesses on his behalf. Defendant Colbin failed to ensure that the videotape was preserved as required per policy. Defendant Jacobson later stated that there was no video footage, but School Teacher J. Burtt told Plaintiff that he had been told that there was such footage. Plaintiff claims that Defendants violated his due process rights in relation to his misconduct hearing, but states that he is not contesting the guilty finding.

Plaintiff alleges that on June 28, 2006, he spoke with Defendant Unknown Party R.N. in an attempt to get refills of his blood pressure medication, but that Defendant Unknown Party R.N. continued walking away when he told her that he had been sick with a headache for at least four days. Plaintiff claims that his medication problem continued even when medical staff stated that they would take care of the problem. Plaintiff contends that he requires medication to control his

high blood pressure and that he could have suffered a stroke or heart attack without his medication. Defendant Unknown Party R.N. was deliberately indifferent to Plaintiff and refused to stop during her rounds to address Plaintiff's health care requests. Plaintiff claims that he filed a grievance and appealed the denial to step III.

Plaintiff states that on July 29, 2006, and July 30, 2006, he tried to speak with Defendant Williams about his appointment with Defendant Miller, but Defendant Williams refused to stop and speak to Plaintiff. In addition, Defendant Morin lied to Plaintiff and told him that she had scheduled him for an appointment. Plaintiff contends that Defendant Miller has refused to have Plaintiff's medications delivered in a timely manner the majority of the time and that Defendants Morin and Williams refused to order Plaintiff's high blood pressure medication, which caused Plaintiff to be "sick." Plaintiff alleges that Defendant Unknown Party Pharmacy Tech. failed to submit timely refills, causing Plaintiff's blood pressure to be extremely high for days at a time. Plaintiff seeks compensatory, punitive and nominal damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to be claiming that Defendant Bennett violated his Eighth Amendment rights when he ran into him on September 19, 2005, injuring Plaintiff's back. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

The court notes that, according to Plaintiff's complaint, Defendant Bennett accidentally ran into Plaintiff while he was attempting to get to the Quiet Room to break up a fight between other inmates. Such conduct does not constitute the "unnecessary and wanton infliction of pain." Therefore, Plaintiff's Eighth Amendment claim against Defendant Bennett is properly dismissed.

Plaintiff also appears to be claiming that Defendants violated his due process rights in relation to his misconduct hearing. Plaintiff claims that videotape evidence and evidence from other witnesses should have been explored instead of relying on a staff member's statement about the incident. The Supreme Court has held that claims for equitable relief and monetary damages,

which necessarily implies the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). *See also Muhammad v. Close*, 540 U.S. 749, 754-55 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, 540 U.S. at 754-55, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). In other words, *Edwards* still applies where a plaintiff has lost good-time credits as the result of the misconduct conviction. Under Michigan law, a prisoner

- 5 -

loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33.  In addition, the warden may order forfeiture of previously accumulated good-time credits in cases. *Id.*  Plaintiff does not assert that he did not forfeit good-time credits for the month of his conviction.  Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction.  *See Shavers v. Stapleton*, 102 F. App'x 900, 901 (6th Cir. 2004).

Plaintiff claims that he is not challenging the guilty finding, but is merely contesting the alleged denial of a fair hearing.  However, Plaintiff is not seeking a new hearing as relief, but is merely seeking damages.  Plaintiff is only entitled to such relief if the denial of due process resulted in an improper misconduct conviction.  Therefore, Plaintiff's claim necessarily implies the invalidity of his disciplinary conviction.

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Hearing Report is received. MICH. COMP. LAWS § 791.254; MICH. DEP'T OF CORR. Policy Directive 03.03.105, ¶ DDD (effective Jan. 1, 2007).  Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court.  *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal).  If he is not successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[1]  Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently

---

[1] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974).  A challenge to a "shortened" prison sentence is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).  However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts.  *See* 28 U.S.C. § 2254(b)(1).

cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, 84 F. App'x 553, 555(6th Cir. 2003) (same); *Harris v. Truesdell*, 79 F. App'x 756, 758-59 (6th Cir. 2003) (same).

Finally, the court notes that Plaintiff's claim regarding the repeated delays in giving Plaintiff his prescribed high blood pressure medication are not clearly frivolous and may not be dismissed upon initial screening. Therefore, the court will order service of these claims.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Durant, Bennett, Colbin and Jacobson, will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Williams, Miller and Morin.[2]

An Order consistent with this Opinion will be entered.

Date:    July 11, 2008                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The court will not order service on the Unknown Party Defendants because the inability to identify them makes such service impossible.